## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

TK BOAT RENTALS, LLC, ET AL.               CIVIL ACTION

VERSUS                                    NO. 24-1074

FAB-CON, INC.                          SECTION: D (3)

## ORDER AND REASONS

Before the Court is a Motion and Incorporated Memorandum for Default Judgment Against Fab-Con, Inc. ("Fab-Con"), filed by Plaintiffs TK Boat Rentals, LLC ("TK Boat Rentals") and TK Towing, Inc. ("TK Towing").[1] The Motion is unopposed. After careful consideration of Plaintiffs' memorandum, the record, and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

TK Boat Rentals and TK Towing ("Plaintiffs") filed suit in this Court against Fab-Con ("Defendant") seeking judgment on a maritime claim for unpaid charter hire related to three quarters barges.[2] Plaintiffs claim that, beginning in July 2022, Defendant failed to pay amounts owed under invoices sent to Defendant for the chartering services.[3]

Plaintiffs allege the following facts in its Complaint. Defendant Fab-Con, by and through its principal Bobby Giles, entered into an oral contract with Plaintiff TK

---

[1] R. Doc. 13.
[2] R. Doc. 1.
[3] *Id.*

Boat Rentals to charter the CAROLINE A, a deck barge.[4] Similarly, Fab-Con, through Mr. Giles, entered into an oral contract with Plaintiff TK Towing to charter the LAURA ANN, a towing vessel.[5]   While not asserted in the text of the Complaint, Plaintiffs attached invoices as exhibits to their Complaint that suggest Fab-Con entered into an oral contract with Plaintiff TK Towing for the charter of the RIVER DIAMOND, another vessel.[6]

Plaintiffs, the owners of the respective barge and tug, contend that the vessels were at all times staunch and reasonably fit for its intended use.[7] Plaintiffs submitted invoices to Fab-Con for the chartering of the vessels.[8] Although Fab-Con never complained about the barges' quality, Fab-Con failed to pay Plaintiffs $179,878.23[9] pursuant to these invoices.[10] Plaintiffs, in an attempt to resolve the outstanding invoices, made an amicable demand to Fab-Con, and Fab-Con has failed to pay the amount owed under the invoices.[11]

On April 29, 2024, Plaintiffs filed their Complaint alleging a breach of oral maritime contracts pursuant to these invoices and seeking costs, fees, judicial interests, and whatever other relief this Court deems proper.[12] On May 6, 2024, Fab-Con, through its counsel Miles C. Thomas, executed a waiver of the service of

---

[4] *Id.* at 2.
[5] *Id.*
[6] *See* R. Doc. 1-1 at 8–9.
[7] *See* R. Doc. 1 at 2.
[8] R. Doc. 1-1.
[9] R. Doc. 1-1. *See* discussion *infra* Part. III.C.
[10] R. Doc. 1 at 3.
[11] *Id.*
[12] R. Doc. 1.

summons.[13] Fab-Con's waiver of service was entered into the record on May 13, 2024, and Fab-Con's answer was due July 1, 2024.[14] On August 7, 2024, Plaintiffs filed a Request for Entry of Default,[15] and the Clerk of Court for the Eastern District of Louisiana entered default against Fab-Con pursuant to Federal Rule of Civil Procedure 55(a) on that same date.[16]

Thereafter, Plaintiffs filed the instant Motion and Incorporated Memorandum for Default Judgment Against Fab-Con, Inc. pursuant to Federal Rule of Civil Procedure 55(b), seeking judgment for the invoices pertaining to the CAROLINE A, LAURA ANN, and RIVER DIAMOND.[17] Plaintiffs further seek costs for unpaid charter hire, vessel costs and expenses, and prejudgment and post-judgment interest, totaling $181,878.23.[18] Plaintiffs contend that default judgment is proper because its well-pleaded factual allegations demonstrate, in light of Fab-Con's default, that they are entitled to relief.[19] Additionally, Plaintiffs maintain that the attached invoices and affidavit to its Motion establish Fab-Con's liability to Plaintiffs.[20] Fab-Con did not file a response to Plaintiffs' Motion.

## II.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the process in which a party may seek judgment due to the default of an opposing party.    "[D]efault

---

[13] R. Doc. 5.
[14] *Id.*
[15] R. Doc. 11.
[16] R. Doc. 12.
[17] R. Doc. 13.
[18] R. Doc. 13-1. *See* discussion *infra* Part. III.C.
[19] R. Doc. 13 at 1–2.
[20] *Id.*

judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[21]  "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[22]  Accordingly, a default judgment is appropriate only when "the adversary process has been halted because of an essentially unresponsive party."[23]

A plaintiff seeking default judgment must proceed through two steps: (1) the plaintiff must petition the clerk of court for an entry of default and (2) if the plaintiff's claim is not for a sum certain, then the plaintiff "must apply to the court for a default judgment."[24]  In order for the clerk of court to enter a default against a defendant pursuant to Rule 55(a), the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."[25]  Beyond that requirement, however, the entry of default is largely mechanical.  Upon the clerk's entry of default, the defendant is deemed to have admitted the plaintiff's well-pleaded factual allegations.[26]

After the entry of default, "the Court *may* enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period."[27]  Where a plaintiff is not seeking a sum certain and

---

[21] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)).

[22] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

[23] *Sun Bank*, 874 F.2d at 276 (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

[24] Fed. R. Civ. P. 55(b)(2).

[25] Fed. R. Civ. P. 55(a).

[26] *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[27] *Granite State Ins. Co. v. Delta Marine Env't, LLC*, No. CV 18-3571, 2018 WL 6067552, at *1 (E.D. La. Nov. 20, 2018) (Africk, J.) (citing Fed. R. Civ. P. 55(b)) (emphasis added).

therefore must apply to the court for a default judgment, "[t]he disposition of a motion for the entry of a default judgment ultimately rests within the sound discretion of the court."[28]  A court may enter a default judgment only if the plaintiff has stated a cognizable legal claim supported by well-pleaded factual allegations, which the court accepts as true.[29]

## III.  ANALYSIS

### A.  Jurisdiction

Before entering judgment, a district court must "look into its jurisdiction both over the subject matter and the parties."[30]  "Judgment entered in the absence of jurisdiction is void, and the [c]ourt must therefore refrain from entering judgment if its jurisdiction is uncertain."[31]  Here, subject matter jurisdiction is based on federal maritime jurisdiction.[32]  The jurisdictional requirements of 28 U.S.C. § 1333 are satisfied because this matter involves a maritime contract for the charter of vessels.[33]  Furthermore, it appears that the Court has personal jurisdiction over Fab-Con

---

[28] *Id.* at *2 (citing *Mason*, 562 F.2d at 345).

[29] *See Nishimatsu*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the judgment entered."); *Lewis*, 236 F.3d at 767.

[30] *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001).

[31] *RSDC Holdings, LLC v. Steinberg*, Civil Action No. 16-9381, 2017 WL 117314, at *2 (E.D. La. Jan. 12, 2017) (Vance, J.).

[32] R. Doc. 1 at 1.

[33] The answer to the question of whether a contract qualifies as a maritime contract "depends upon . . . the nature and character of the contract, and the true criterion is whether it has reference to maritime service or maritime transactions." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004) (internal quotations and citations omitted). The cornerstone inquiry is thus whether maritime commerce is the main objective of a contract. *Id.* at 24–25. Because the Supreme Court has found that "without doubt a contract for hire either of a ship or of the sailors and officers to man her is within the admiralty jurisdiction," the underlying oral contracts to charter barges and vessels are maritime contracts. *Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961).

because it waived service of process and is a citizen of Louisiana by nature of being incorporated in Louisiana.[34]

### B.    Whether default judgment is appropriate in this matter

The Court first considers whether the initial Entry of Default by the Clerk of Court was appropriate.[35]  Plaintiffs have shown by affidavit that the Defendant, Fab-Con, waived service of summons on May 6, 2024.[36]  Pursuant to Fed. R. Civ. P. 12, Fab-Con had sixty days to file responsive pleadings to Plaintiffs' Complaint after waving service.[37]  Fab-Con did not make any appearance in this Court,[38] and the record clearly demonstrates that Fab-Con has "failed to plead or otherwise defend."[39]  Plaintiffs moved for Entry of Default against Fab-Con[40] which the Clerk of Court properly entered on August 7, 2024.[41]  Therefore, the Court finds that the Entry of Default against Fab-Con was proper.

The Court next considers whether Plaintiffs are entitled to default judgment. Even though Plaintiffs are seeking a sum certain, Plaintiffs' Motion is properly before this Court.[42]  A court may only enter a default judgment if the well-pleaded factual

---

[34] R. Doc. 5; Fed. R. Civ. P. 4(k).

[35] R. Doc. 12.

[36] R. Doc. 13 at 1. *See* R. Doc. 5.

[37] *See* Fed. R. Civ. P. 12(a)(1)(A)(ii).

[38] A waiver of service of process is not an appearance for Fed. R. Civ. P. 55(b) purposes. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999)("Thus, like accepting formal service of process, executing a waiver of service of process does not constitute an appearance for purposes of Rule 55(b)(2).").

[39] Fed. R. Civ. P. 55(a).

[40] R. Doc. 11.

[41] R. Doc. 12.

[42] *See* Fed. R. Civ. P. 55(b); *Mid-Gulf Shipping Company Inc. v. Energy Subsea LLC*, 472 F. Supp. 3d 318, 323 n.28 (E.D. La. 2020) (Africk, J.)("[Plaintiff] requests damages for a sum certain and, therefore, it could have requested that the clerk, rather than the Court, enter a default judgment against [the defendant]. Because the clerk can only enter a default judgment for a sum certain on the plaintiff's

allegations in the pleadings, which the court accepts as true, provide a "sufficient basis" for a default judgment.[43]  Plaintiffs argue that they are entitled to judgment on the invoices for a breach of oral maritime contracts.[44] The Court finds that Plaintiffs are entitled to relief for their claims for the CAROLINE A and LAURA ANN but not for the RIVER DIAMOND.[45]  The Court also finds that the Fifth Circuit's factors enumerated in *Lindsey v. Prive Corp.* favor granting a default judgment against Fab-Con for Plaintiffs' claims regarding the CAROLINE A and LAURA ANN.[46]

### 1.    *The CAROLINE A and LAURA ANN*

By virtue of the Entry of Default,[47] Fab-Con is deemed to have admitted all "well-pleaded" factual allegations.[48] "'A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.'"[49] In other words, "'[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'"[50] Fed. R. Civ. P. 8 provides the standard to determine the sufficiency of a complaint.[51] Specifically, Rule 8(a)(2) requires that a

---

request, and [plaintiff] failed to make such a request, the Court, rather than the clerk, will enter the default judgment.")(internal citations and quotation marks omitted).

[43] *See Nishimatsu*, 515 F.2d at 1206.

[44] R. Doc. 1.

[45] *See Nishimatsu*, 515 F.2d at 1206 (quoting *Thomas v. Wooster*, 5 S.Ct. 788, 792 (1885)("[A] default judgment may be lawfully entered only 'according to what is proper to be decreed upon the statements of the bill, assumed to be true,' and not 'as of course according to the prayer of the bill.'").

[46] *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998).

[47] R. Doc. 12.

[48] *See Nishimatsu*, 515 F.2d at 1206.

[49] *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015)(quoting *Nishimatsu*, 515 F.2d at 1206).

[50] *Id.* (quoting *Nishimatsu*, 515 F.2d at 1206).

[51] *Id.* at 498. ("Despite announcing that a default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings, the *Nishimatsu* court did not elaborate on these requirements. Nothing in the record or the parties' briefs discusses how to determine what is

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" As explained by the Supreme Court and Fifth Circuit, "[t]he purpose of this requirement is 'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[52] Even though it sets forth a low threshold, "Rule 8(a)'s liberal notice pleading standard is not without teeth."[53]

Here, Plaintiffs' Complaint provides a "short and plain statement of the claim showing that the pleader is entitled to relief[]"[54] for the CAROLINE A and LAURA ANN.[55] Specifically, Plaintiffs allege that "[i]n an oral contract, Fab-Con, Inc., by and through its principal, Bobby J. Giles, chartered the CAROLINE A, a deck barge, from TK Boat Rentals, LLC." and also "[i]n an oral contract, Fab-Con, Inc., by and through its principal, Bobby J. Giles, chartered the LAURA ANN, a towing vessel, from TK Towing Inc."[56] After alleging that Fab-Con failed to pay for a "significant portion of the invoices,"[57] Plaintiffs requested "judgment on the invoices . . . ."[58] Accordingly, Plaintiffs' Complaint sets forth "[f]actual allegations . . . enough to raise a right to relief above the speculative level[]"[59] and are thus well-pleaded allegations. And by defaulting, Fab-Con has admitted Plaintiffs' well-pleaded allegations.[60]

---

well-pleaded or sufficient, and we have found no guidance in our own cases. Nevertheless, we draw meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint.")(internal citations and quotation marks omitted).

[52] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[53] *In re American Intern. Refinery*, 402 B.R. 728, 739 (Bankr. W.D. La. 2008).

[54] Fed. R. Civ. P. 8(a)(2).

[55] R. Doc. 1.

[56] R. Doc. 1 at 2.

[57] *Id.*

[58] *Id.* at 3.

[59] *Bell Atl. Corp.*, 550 U.S. at 555.

[60] *See Nishimatsu*, 515 F.2d at 1206.

Next, the Court, taking Plaintiffs' well-plead factual allegations as true, finds that Plaintiffs have demonstrated that all elements to prove a breach of a maritime contract have been satisfied. A breach of a maritime contract requires: (1) a contract; (2) breach of such contract; and (3) damages.[61] Maritime contracts are governed by general maritime law.[62] "[O]ral contracts are generally regarded as valid by maritime law."[63] "Under general maritime law, terms and conditions contained in subsequently-issued purchase orders may supplement an oral agreement if there is evidence of a prior course of dealing between the parties from which a court may infer that the parties were aware of and consented to those additional contractual terms."[64] Additionally, "[w]here parties share a history of business dealings and standardized provisions have become part of those dealings, such familiar provisions . . . issued after performance are binding where they are accepted without objection."[65] A custom in the maritime industry is to first provide services and then subsequently submit an invoice or purchase order for the services already provided.[66]

Here, Fab-Con was the charterer of two quarters barges: the CAROLINE A and the LAURA ANN at various points throughout the period running from November 2023 through December 2023.[67] Throughout this period, Plaintiffs sent

---

[61] *Magnolia Fleet, LLC v. Marsh Buggies, Inc.*, No. 23-79, 2023 WL 3949126, at *2 (E.D. La. June 12, 2023)(Africk, J.).
[62] *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 262 (5th Cir. 2011).
[63] *Id.* at 265.
[64] *Id.*
[65] *Campbell v. Sonat Offshore Drilling*, 979 F.2d 1115, 1120 (5th Cir. 1992) (superseded by statute on other grounds).
[66] *Superior Shipyard & Fabrication, Inc. v. M/V CECILE A. FITCH*, 671 F.Supp.3d 715, 719–20 (E.D. La. May 1, 2023)(Barbier, J.).
[67] R. Doc. 1-1.

Fab-Con invoices each time after Fab-Con returned the barges, and Fab-Con did not contest any of the invoices.[68] The Court thus finds that Plaintiffs and Fab-Con had a history of business dealings in which the standard provisions of those invoices became a part of those dealings, thereby making the uncontested invoices binding upon Fab-Con. Accordingly, the Court determines that there were two contracts: one for the CAROLINE A and one for the LAURA ANN.

Having established two valid contracts, the Court next turns to whether Fab-Con breached the contracts. Fab-Con breached the terms of the contracts by refusing to pay the charter expenses as set forth by the invoices.[69] Lastly, Plaintiffs have suffered monetary damages resulting from Fab-Con's failure to pay for chartering services.[70] Accordingly, the Court finds that Plaintiffs have demonstrated a breach of the two contracts and their entitlement to judgment pursuant to the unpaid invoices for the CAROLINE A and LAURA ANN.

### 2. *The RIVER DIAMOND*

Conversely, as it pertains to the RIVER DIAMOND, Plaintiffs' Complaint fails to set forth well-pleaded factual allegations under Fed. R. Civ. P. 8. As an initial matter, the text of the Complaint does not mention the RIVER DIAMOND.[71] Instead, Plaintiffs attached invoices for the RIVER DIAMOND as an exhibit to their Complaint.[72] Even though the RIVER DIAMOND invoices are "a part of the pleading

---

[68] R. Docs. 1 and 1-1. Plaintiffs sent Fab-Con seven invoices total throughout this period.
[69] R. Doc. 1.
[70] *Id*.
[71] *See* R. Doc. 1.
[72] R. Doc. 1-1 at 8–9.

for all purposes[,]"[73] the Complaint fails to set forth a "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"[74] Plaintiffs' two invoices, without anything more, do not meet the Rule 8 threshold and fails to provide Fab-Con with "fair notice"[75] that Plaintiffs are seeking judgment pursuant to the River Diamond invoices.

Furthermore, the two RIVER DIAMOND invoices do not even satisfy the "unadorned, the-defendant-unlawfully-harmed-me accusation" standard announced by the Supreme Court.[76] As such, the Court determines that the factual allegations set forth in Plaintiffs' Complaint are not "well-pleaded" for the purposes of obtaining a default judgment pursuant to the RIVER DIAMOND invoices.[77] Put differently, the Entry of Default against Fab-Con does not serve as an admission of Plaintiffs' claims for the RIVER DIAMOND because such claims are not "well-pleaded" factual allegations.[78] Therefore, the Court finds that Plaintiffs are not entitled to default judgment for their claims regarding the RIVER DIAMOND. Accordingly, the Court continues its analysis solely as it pertains to the CAROLINE A and the LAURA ANN.

---

[73] Fed. R. Civ. P. 10.

[74] Fed. R. Civ. P. 8(a)(2).

[75] *Wooten*, 788 F.3d at 498 (internal quotation marks omitted).

[76] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.")(internal citations and quotation marks omitted).

[77] *See Nishimatsu*, 515 F.2d at 1206.

[78] *Id.*

3.    *Lindsey factors*

Before entering a default judgment in favor of Plaintiffs, however, the Court

must consider whether the six factors listed in *Lindsey v. Prive Corp.*[79] weigh in favor

of entering a default judgment in this case.  These factors include:

> [1] whether material issues of fact are at issue, [2] whether
> there has been substantial prejudice, [3] whether the
> grounds for default are clearly established, [4] whether the
> default was caused by a good faith mistake or excusable
> neglect, [5] the harshness of a default judgment, and [6]
> whether the court would think itself obliged to set aside the
> default on the defendant's motion.[80]

The Court addresses each factor in turn.

i.    *Whether material issues of fact are at issue*

Regarding the first factor, the Court finds that there are no material facts in

dispute because Fab-Con failed to file responsive pleadings to the Complaint. Plainly,

Fab-Con's default is an admission of Plaintiffs' well-pleaded allegations.[81] Therefore,

there is no factual dispute because all material facts have already been deemed

admitted by Fab-Con.

ii.    *Whether there has been substantial prejudice*

Second, in regard to substantial prejudice, the Court is aware of the burden

that delay can impose on litigants.[82] However, courts "can deal with obstinate and

dilatory parties in a variety of ways, and judgment by default should not be the first

---

[79] *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998).
[80] *Id.* at 893 (citing 10 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2685 (2d ed. 1983)).
[81] *See Nishimatsu*, 515 F.2d at 1206.
[82] *See Sun Bank*, 874 F.2d at 277.

resort."[83]  The Fifth Circuit has noted that default judgments are generally disfavored, as there is a strong policy in favor of decisions on the merits.[84]  But when a defendant's complete failure to appear brings the adversary process to a halt, this prejudices the plaintiff's interests.[85]  Here, Fab-Con has completely failed to appear whatsoever, prejudicing Plaintiffs' interests in receiving money they are owed pursuant to the invoices.  Until judgment is rendered, Plaintiffs must bear the costs of rendering its services without compensation.  The Court therefore finds this second factor to weigh in favor of Plaintiffs.

### iii.    Whether the grounds for default are clearly established

Third, the grounds for default are clearly established, making this factor weigh in favor of Plaintiffs. As noted above, the Clerk of Court properly granted the Entry of Default.[86] Fab-Con waived service more than one year ago and has made no appearance at all in this matter.[87] Thus, this factor favors granting default judgment.

### iv.    Whether the default was caused by a good faith mistake or excusable neglect

The record does not indicate any reason or excuse on the part of Fab-Con for its failure to appear. As noted, Fab-Con waived service of the Complaint and therefore was aware of the underlying suit.[88] Thus, this factor weighs in Plaintiffs' favor.

---

[83] *Id.*
[84] *See Lindsey*, 161 F.3d at 893.
[85] *Id.*
[86] R. Doc. 12.
[87] R. Doc. 5.
[88] *Id.*

      *v.    The harshness of a default judgment*

Next, the Court finds that the fifth factor regarding the harshness of a default judgment weighs in favor of Plaintiffs as well.  Plaintiffs are seeking monetary relief pursuant to its oral contracts with Fab-Con.[89] While monetary relief could be viewed as harsh, Fab-Con has been given ample time to respond to Plaintiffs' Complaint which mitigates the harshness of a default judgment.[90]  Thus, this factor weighs in Plaintiffs' favor as well.

      *vi.    Whether the court would think itself obliged to set aside the default on the defendant's motion*

Lastly, the Court finds that the sixth factor—whether the Court would think itself obligated to set aside the default judgment on the defendant's motion—weighs in favor of Plaintiffs. Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."[91]

Given that the Motion for Default Judgment is unopposed, and no response has been filed to date, the Court is unaware of any facts that would lead it to set aside the default judgment if challenged by the Defendant.  Further, based on the evidence

---

[89] R. Doc. 1.

[90] *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (citing *Lindsey*, 161 F.3d at 893).

[91] Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

in the record, the Court does not believe that Fab-Con could produce a "meritorious defense."[92] Therefore, this factor favors Plaintiff. Accordingly, all six factors weigh in favor of granting default judgment against Fab-Con for Plaintiffs' CAROLINE A and LAURA ANN claims.

### C. Amount of recovery

Having determined that granting default judgment is proper, the Court must "fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."[93] "Unless the damages amount is liquidated or easily computable, the court cannot enter a default judgment without first holding a hearing."[94]

In support of their Motion, Plaintiffs submitted nine invoices for the services they performed pursuant to the oral contracts with Fab-Con.[95] Plaintiffs also provided a sworn declaration from Todd Kirkpatrick, an officer of both TK Boat Rentals and TK Towing, establishing the amount owed to be $181,878.23, exclusive of costs and interests.[96] However, when removing any costs associated with the RIVER DIAMOND, Plaintiffs have actually submitted seven invoices which are

---

[92] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) ("To determine whether . . . to set aside a default . . . we . . . consider three factors . . . whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.").

[93] *Pope v. United States*, 323 U.S. 1, 12 (1944).

[94] *Mark Hernandez, Plaintiff – Appellee v. Manuel Poveda, Jr.; Edgar E. Razo, Defendants–Appellants*, No. 24-20492, 2025 WL 2206973, at *3 (5th Cir. Aug. 4, 2025).

[95] R. Doc. 13-2. Plaintiffs technically submitted nine invoices. *See* R. Doc. 13-2 at 3–11. However, the last two invoices pertain to the RIVER DIAMOND, in which, as explained above, the Court found that Plaintiffs are not entitled to default judgment for their RIVER DIAMOND claims.

[96] Plaintiffs request $179,878.29 in their Complaint but request $181,878.29 in their Motion for Default Judgment. R. Docs. 1 and 13. However, in the invoices attached both to the Complaint and Motion for Default Judgment, the sum of all invoices equals $181,878.23. R. Docs. 1-1 and 13-2. Based on the computable nature of the amount owed, the Court finds that $181,878.23 is the appropriate calculation.

properly considered by the Court at this time.[97] Such invoices establish that $104,328.23 is the amount owed to Plaintiffs.[98] The Court thus finds that such costs are a sum certain and easily computable.

Plaintiffs also request prejudgment and post-judgment interest. "Under maritime law, the awarding of prejudgment interest is the rule rather than the exception, and, in practice, is well-nigh automatic."[99] Put differently, "prejudgment interest must be awarded unless unusual circumstances make an award inequitable."[100] "Prejudgment interest in an action for breach of contract is allowable from the date the debt is due."[101] Here, the Court finds it proper to award Plaintiffs prejudgment interest at the federal rate as requested.[102] Because there are seven separate invoices,[103] prejudgment interest will accrue from the date each debt became exigible.

---

[97] *See* R. Doc. 1-1.

[98] $104,328.23 is the sum of all invoice totals for the CAROLINE A and LAURA ANN. *See* R. Doc. 13-2 at 3–9. As explained in *supra* note 98, there is a six-cent difference compared to the Declaration of Todd Kirkpatrick, who asserts that Plaintiffs are owed $104,328.29 for the CAROLINE A and LAURA ANN. The Court finds that $104,328.23 is the appropriate number as it can be definitively calculated from the invoices.

[99] *Deloach Marine Services, L.L.C. v. Marquette Transportation Company, L.L.C.*, 974 F.3d 601, 610 (5th Cir. 2020).

[100] *Ryan Walsh Stevedoring Co. v. James Marine Servs., Inc.*, 792 F.2d 489, 492 (5th Cir. 1986); *Noritake Co., Inc. v. M/V Hellenic Champion*, 627 F.2d 724, 728 (5th Cir. 1980)("As a general rule, prejudgment interest should be awarded in admiralty cases—not as a penalty, but as compensation for the use of funds to which the claimant was rightfully entitled. Discretion to deny prejudgment interest is created only when there are peculiar circumstances that would make it inequitable for the losing party to be forced to pay prejudgment interest.")(internal quotation marks omitted).

[101] *Central Boat Rentals, Inc. v. Pontchartrain Partners, LLC*, 744 F. Supp. 3d 635, 640 (E.D. La. Aug. 9, 2024)(Ashe, J.).

[102] R. Doc. 13-1.

[103] R. Doc. 1-1 and 13-2.

Similarly, "[p]ost-judgment interest is awarded as a matter of course[.]"[104] Since "[f]ederal law governs post-judgment interest[,]" Plaintiffs may recover post-judgment interest under 28 U.S.C. § 1961.[105] Post-judgment interest, unlike prejudgment interest, accrues from the date that the judgment was entered. Therefore, Plaintiffs are entitled to prejudgment interest from the date each debt became due and post-judgment interest from the day judgment is entered.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment[106] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that counsel for Plaintiffs send a proposed judgment commensurate with this Order and Reasons to the Court's email, efile-vitter@laed.uscourts.gov,  by September 2, 2025.[107]

New Orleans, Louisiana, August 18, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[104] *Chevron TCI, Incorporated v. Capitol House Hotel Manager, L.L.C.*, No. 22-30271, 2023 WL 5664105, at *8 (5th Cir. Aug. 31, 2023).
[105] *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). 28 U.S.C. § 1961(a) provides that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."
[106] R. Doc. 13.
[107] For the reasons explained in the Order, Plaintiffs shall not file a proposed judgment seeking any costs related to the RIVER DIAMOND.